## Seviers v. City of Middlesboro.

May 17, 1940.

James M. Gilbert, Judge.

Robert J. Watson and Charles E. Herd for appellant.
H. L. Bryant and H. F. White for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Claiming that he had been employed as a policeman of the city of Middlesboro on August 31, 1937, and that he had been discharged from that office without cause on January 3, 1938, appellant instituted this action to recover his salary of $75 per month from January 5, 1938, the date on which he received notification of his discharge, until such time as he might be reinstated. His petition contained the further allegation that appellant had successfully passed a civil service examination held under the provisions of Section 3351a-2, Kentucky Statutes, governing cities of the third class, and that no charges had been preferred against him, and, by an amended petition, prayed that the City be directed to reinstate him. The allegations of the petition were traversed, the evidence heard by the court without the in-

tervention of a jury, and the petition dismissed upon the ground that the evidence showed that the appellant had never been employed by the City as a policeman.

The appellant testified that in April or May, 1936, he was employed by the City Commissioners as a merchant policeman and detailed to that duty, although he was sworn in as a policeman; that he received $75 per month from the City, and that in August, 1937, having heard that a Civil Service examination was to be held, he procured a copy of the questions, took them to his home, wrote out his answers thereto, and, with a doctor's certificate attached, turned them into the office of the City Clerk. However, he had never seen the papers since he turned them in, and in response to a question from the court as to the grade which he had made, answered, "I didn't make anything so far as I know." It was conclusively established by the testimony that there was no written evidence or record of appellant's employment other than an entry under date of June 30, 1936, in the minute book of the Commissioner, showing the allowance of June salaries, among which appeared appellant's name "as watchman," "salary $60.00," and the following recital in the minute book under date of August 31, 1937:

"Upon motion of Commissioner, Stallard, seconded by Commissioner Johnson, it was ordered that Samuel Seviers be placed under Civil Service regulations, he being passed the civil service examination held recently. Ayes: Commissioner Johnson and Stallard and Mayor Ginsburg. Nays: none."

E. L. Johnson, former clerk of the City of Middlesboro, introduced as a witness by appellant, testified on direct examination that appellant was regularly employed on the police force during his term of office and paid by the City, and had taken the Civil Service examination, but was unable to produce any records showing that fact, other than the entries heretofore referred to. But when introduced in rebuttal he testified that appellant was employed as a night watchman but afterwards acted as a policeman. In explaining what was meant by "merchant police," he testified as follows:

"A. Why they have a man who patrolled the city, going down the alleys and in and around the

store buildings, to see that there was no one trying to break in, and trying to protect the property.

"Q.-2: What connection did the merchants have with that kind of thing during your administration? A. What do you mean?

"Q.-3 I, say what connection did the merchants have with that, did they subscribe to any of the payment? A. We had two or three of those night watchmen and night policemen; the merchants paid one, perhaps two, and the City paid one."

The judge of the Police Court who administered the oath to appellant was unable to state whether he swore him in as a policeman or as a night watchman, and the testimony disclosed that at all the times during Seviers employment the City had four regular policemen and several special policemen. Except for appellant's testimony that he was forty-eight years of age at the time he was employed, there was no showing, either by pleading or evidence, that he possessed any of the qualifications required by Section 3351a-2, Kentucky Statutes, or the ordinance in force in the City at that time.

Section 3297 authorizes the appointment in third class cities of special policemen "but not for a longer period at one time than three days, unless specially authorized by the council"; and, however irregular or deplorable may be the practice of employing special policemen for longer periods of time, the fact remains that there is no provision in the Statutes which operates to confer upon irregularly employed policemen the status of officers entitled to the protection of the prescribed Civil Service regulations.

The evidence in this case leaves no doubt that appellant was originally employed merely as a night watchman, and, unless the recital from the minutes of the Commissioners' meeting dated August 31, 1937, indicating that appellant had passed the farcical Civil Service examination heretofore referred to and ordering that he be placed under Civil Service regulations, is sufficient to constitute his appointment to the police force, there is nothing in the record to establish his employment as a regular policeman. No commission was issued to appellant as required by Section 3298, Kentucky Statutes, and while there is no statute which specifically prescribes the

method by which the employment of regular policemen is to be evidenced, we have no hesitancy in saying that in order to establish title to that office evidence of more probative value than that presented in this case must be adduced.

In the recent case of White v. City of Hopkinsville, 280 Ky. 661, 134 S. W. (2d) 236, we held that a special policeman irregularly employed was not entitled to the statutory protection from disc￣ ￣rge conferred upon regular policemen elected or appointed during "good behavior" who possessed the statutory qualifications. and who had passed the Civil Service examination which the Board of the City may have prescribed. Applying the law as construed in that case to the facts disclosed by the record in this case, we would not be justified in disturbing the finding of the City Commissioners that appellant was not under Civil Service regulations, and hence, subject to discharge, or the finding of the trial court that he had never been employed as a policeman.

Judgment affirmed.